# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>SAJUAN DEANGELO LESLIE<br>(YEAR OF BIRTH 1989; SSN ENDING 1597; FBI NO.<br>ENDING 1CP3) | )<br>)<br>)<br>)<br>)<br>) |

Case No. 18MJ138-1

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

SAJUAN DEANGELO LESLIE (YEAR OF BIRTH 1989; SSN ENDING 1597; FBI NO. ENDING 1CP3)

located in the _____Middle_____ District of _____North Carolina_____ , there is now concealed *(identify the person or describe the property to be seized):*

Saliva samples for DNA evidence comparison. (See Attached Affidavit incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

See attached affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Jennifer Chesky, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __5/31/18  9:10 AM__

_____
*Judge's signature*

City and state: Durham, North Carolina

Joe L. Webster, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING
## A DNA SAMPLE COLLECTION FROM SAJUAN DEANGELO LESLIE

Jennifer Chesky, an agent with the Federal Bureau of Investigation (FBI) being duly sworn, states:

1.     This affidavit is being submitted in support of an application for a search warrant to obtain samples of DNA for comparison purposes in the form of saliva for SAJUAN DEANGELO LESLIE, hereinafter referred to as S. LESLIE, a male born in the year 1989, with a Social Security number ending in 1597, and having been assigned an FBI number ending in 1CP3. S. LESLIE is further described as being approximately six feet, three inches tall and approximately two hundred and thirty pounds, with brown eyes and black hair.  A Department of Motor Vehicles (DMV) photograph of S. LESLIE is attached as Attachment A to this Affidavit.  S. LESLIE currently resides at 1382 Cauthen Dr. Rockingham, NC, 28379, which is in the Middle District of North Carolina.  I seek to seize the above described evidence in relation to an investigation of a violation of Title 18 U.S.C. § 922(g) (possession of a firearm by a person previously convicted of a felony).

2.     The applied for warrant would authorize members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to obtain DNA saliva samples from S. LESLIE.

3.     Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation.  Rather, I have set forth only those facts that I believe are necessary to establish probable cause.  I have not, however, excluded any information known to me that would defeat a determination of probable cause.  The information contained in this Affidavit is based upon my

1

personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## AGENT BACKGROUND

4.     I am an "investigative or law enforcement officer of the United States" within the meaning of § 2510(7) of Title 18, United States Code (U.S.C.), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests, *inter alia*, for offenses enumerated in Title 18 U.S.C. § 922.

5.     I am a Special Agent with the Federal Bureau of Investigation. I am currently assigned to the Charlotte Division, Fayetteville Resident Agency.  Prior to becoming a Special Agent, I was a Sheriff's Deputy for the Fairfax County Sheriff's Office in Virginia for approximately two and a half years where I was assigned to the Confinement Division.  Upon being hired as a Special Agent with the FBI, I attended the FBI Academy in Quantico, Virginia, where I received extensive training on investigating various violations of federal law.  While at the FBI Academy, I received specific training on investigative techniques utilized in violent crime investigations. Since then, I have participated in several violent crime investigations. As part of those investigations, I have conducted or personally participated in the collection of digital and physical evidence. Through my training, education, and experience, I have become familiar with the manner in which violent crimes, to include firearms violations, are committed.  I also generally know that Deoxyribonucleic Acid ("DNA") can be found on items such as clothing and firearms, and can be compared to a sample of DNA from a known person.

2

## PROBABLE CAUSE

6.      SAJUAN DEANGELO LESLIE was previously convicted of a North Carolina state felony offense in the Superior Court of the General Court of Justice of North Carolina in Rockingham, Richmond County, North Carolina.  On November 9, 2016, S. LESLIE was convicted of Felony Inciting to Riot, in violation of N.C. Gen. Stat. § 14-288.2 and was thereafter sentenced to 16-29 months imprisonment. A copy of the certified records of S. LESLIE'S prior felony conviction is attached to this affidavit as Attachment B.  S. LESLIE was placed on probation November 9, 2016 and that probation is set to end on May 8, 2019.

7.      On July 27, 2017, at approximately 7:10 a.m., the North Carolina Department of Public Safety Community Corrections (Probation) executed a warrantless Probation search of S. LESLIE'S residence, pursuant to the conditions of his Probation.  N.C. Gen. Stat. §15A-1343(b)(13) allows for warrantless searches of a probationer's person, vehicle, or premises by probation officers at reasonable times, while the probationer is present.  As a supervised probationer, S. LESLIE was subject to this search condition pursuant to the terms of his probation. The location searched was listed by S. LESLIE as his residence on his probation paperwork.  The Richmond County Sherriff's Office, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and the Hamlet Police Department accompanied Probation Officers as needed, but the law enforcement officers remained outside the residence until called in by Probation Officers. Although law enforcement officers accompanied Probation during the search, the search itself was lead and conducted by a Probation Officer.  Probationers selected for searches were identified based on a number of criteria which included: prior identification as being a validated gang

3

member by the North Carolina Department of Public Safety (Probation and Prison Employees); existence of new criminal charges; being non-compliant with current conditions of supervision (e.g., testing positive following a drug test, missing office appointments, being in monetary arrears, failing to complete community service). S. LESLIE was non-compliant on current conditions of supervision (i.e., monetary arrearage), had prior positive drug screens on March 16, 2017, April 19, 2017, and May 16, 2017, and was a validated gang member. S. LESLIE has been a validated gang member of the Bloods/United Blood Nation since May 1, 2017 based on the fact that he bore gang related tattoos and markings, used or possessed gang related symbols or logos, and had contact with other known gang members. According to Probation, S. LESLIE remained on probation in relation to his prior felony conviction at the time of the probationary search. The list of Probationers to be searched was approved in advance of the search, by the North Carolina Department of Public Safety legal team, in Raleigh, North Carolina.

       8.     On July 27, 2017 at approximately 7:10 a.m., Probation Officers Matt Sierk and Ryan Gibson knocked on the door of 1227 Cauthen Dr., Rockingham, North Carolina, 28379, the home of Shana Gadson and the listed residence on file for Probation of S. LESLIE. Probation Officer Gibson was previously introduced to Ms. Shana Gadson as S. LESLIE'S girlfriend, when Probation Officer Gibson previously came to the residence to conduct a home contact visit. Ms. Gadson had previously mentioned that only she, her children, and S. LESLIE lived in that home. On July 27, 2017, Ms. Gadson, the known girlfriend of S. LESLIE, answered the door. Probation Officers announced the reason for their presence, asked if S. LESLIE was home, and asked for consent to conduct the search. Ms. Gadson consented and allowed the Probation Officers inside. S. LESLIE came to the door and also let Probation Officers inside. The Probation Officers walked to S. LESLIE'S bedroom, which was previously known to be S. Leslie's bedroom from a prior

4

home visit by Probation. S. LESLIE was temporarily detained in handcuffs for officer safety, and remained outside his home for the duration of the search.

9. Probation Officer Sierk conducted the search of S. LESLIE'S bedroom and immediately located a hand gun under the mattress, in the upper right hand corner. The firearm was located beneath the mattress but on top of the box spring. The firearm was situated against an open, ripped apart Bible of similar depth to the firearm, thus no discernable imprint of a firearm would be detectable without lifting up the mattress. At that point, ATF Task Force Officer (TFO) Kevin Tuttle was called in to collect the hand gun. TFO Tuttle collected the black firearm with serial number M141890, model number ARMI/GT-27, and placed it into evidence. The firearm contained a magazine containing 5 rounds of live ammunition. The magazine and ammunition was also recovered and placed into evidence by TFO Tuttle.

10. TFO Tuttle conducted a verbal interview of Ms. Gadson, who initially told them that she did not know who owned the firearm. She stated that five people had stayed in the residence in the recent past, despite her previous assertion to Officer Gibson that only S. LESLIE, she, and her children lived there. When asked who slept in the bedroom that was searched and from where the firearm and magazine were recovered, Ms. Gadson replied that she and her boyfriend shared that bedroom. Ms. Gadson then told Officers that the gun may belong to her step-brother. S. LESLIE also denied possession the firearm.

11. The recovered firearm was swabbed for the presence of deoxyribonucleic acid (DNA).

## REQUEST FOR A SEARCH WARRANT

15. Given the facts set forth above, your affiant has probable cause to believe that S. LESLIE has committed a violation of Title 18 U.S.C. § 922(g), being a felon in possession of a

5

firearm. As such, your affiant respectfully requests that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of S. LESLIE, a male born in the year 1989, with a Social Security number ending in 1597, and having been assigned an FBI number ending in 1CP3. S.LESLIE is further described as being approximately six feet, three inches tall and approximately two hundred and thirty pounds, with brown eyes and black hair and currently residing at 1382 Cauthen Dr. Rockingham, NC, 28379.

16.     WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to obtain DNA samples from S. LESLIE, so that the DNA sample may be compared to evidence collected during the course of this investigation, to include but not limited to, items described *supra* in paragraph 9 of this Affidavit.

_____
Jennifer Chesky
Special Agent
Federal Bureau of Investigation

Sworn to before me this 31st day of May, 2018. 9:10 AM.

_____
Joe L. Webster
United States Magistrate Judge

6

**ATTACHMENT A**



**SAJUAN DEANGELO LESLIE**

**Year of Birth: 1989**

**FBI# Ending: 1CP3**

**Social Security Number Ending: 1597**

7

# STATE OF NORTH CAROLINA

RICHMOND _____ County

**File No.** 16CRS50980

In The General Court Of Justice
☐ District ☒ Superior Court Division

### STATE VERSUS

**Name Of Defendant**
SAJUAN LESLIE

| DOB | Age | Highest Level Of Education Completed |
|---|---|---|
| 01/11/1989 | 29 | 11th |

## TRANSCRIPT OF PLEA

G.S. 15A-1022, 15A-1022.1

**NOTE:** Use this section ONLY when the Court is rejecting the plea arrangement.

☐ The plea arrangement set forth within this transcript is hereby rejected and the clerk shall place this form in the case file. *(Applies to plea arrangements disclosed on or after December 1, 2009.)*

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| | | |

The undersigned judge, having addressed the defendant personally in open court, finds that the defendant (1) was duly sworn or affirmed, (2) entered a plea of ☒ guilty ☐ guilty pursuant to *Alford* decision ☐ no contest, and (3) offered the following answers to the questions set out below:

**Answers**

1. Are you able to hear and understand me? — (1) **YES**

2. Do you understand that you have the right to remain silent and that any statement you make may be used against you? — (2) **YES**

3. At what grade level can you read and write? — (3) **11th**

4. (a). Are you now under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances? — (4a) **NO**
   (b). When was the last time you used or consumed any such substance? — (4b) **6 months**

5. Have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge? — (5) **YES**

6. (a). Have you and your lawyer discussed the possible defenses, if any, to the charges? — (6a) **YES**
   (b). Are you satisfied with your lawyer's legal services? — (6b) **YES**

7. (a). Do you understand that you have the right to plead not guilty and be tried by a jury? — (7a) **YES**
   (b). Do you understand that at such trial you have the right to confront and to cross examine witnesses against you? — (7b) **YES**
   (c). Do you understand that at a jury trial you have the right to have a jury determine the existence of any aggravating factors that may apply to your case *(and, if applicable, additional sentencing points not related to prior convictions)* beyond a reasonable doubt? — (7c) **YES**
   (d). Do you understand that by your plea(s) you give up these and other valuable constitutional rights to a jury trial *(and, if applicable, rights related to sentencing)?* — (7d) **YES**

8. Do you understand that, if you are not a citizen of the United States of America, your plea(s) of guilty or no contest may result in your deportation from this country, your exclusion from admission to this country, or the denial of your naturalization under federal law? — (8) **YES Citizen**

☑ 9. Do you understand that upon conviction of a felony you may forfeit any State licensing privileges you have in the event that ~~you refuse probation or~~ that your probation is revoked? — (9) **YES**

10. Do you understand that following a plea of guilty or no contest there are limitations on your right to appeal? — (10) **YES**

11. Do you understand that your plea of guilty may impact how long biological evidence related to your case (for example, blood, hair, skin tissue) will be preserved? — (11) **YES**



(Over)

AOC-CR-300, Rev. 3/15
© 2015 Administrative Office of the Courts

12. Do you understand that you are pleading ☒ guilty ☐ no contest to the charges shown below? (12) ____YES__ ✓
*(Describe charges, total maximum punishments, and applicable mandatory minimums for those charges.)*

## PLEAS

| ✓ | Plea* | File Number | Count No.(s) | Offense(s) | Date Of Offense | G.S. No. | F/M | CL. | ‡Pun. CL. | Maximum Punishment |
|---|---|---|---|---|---|---|---|---|---|---|
| | G | 16CRS50980 | I | INCITING A RIOT | 03/19/2016 | 14-288.2(E) | F | F | I | 59 MOS |

☐ See attached AOC-CR-300A, for additional charges.

*G = Guilty   GA = Alford plea
NC = No Contest

| **TOTAL MAXIMUM PUNISHMENT** ▶ | 59 MOS |
|---|---|
| **MANDATORY MINIMUM FINES & SENTENCES** *(if any)* ▶ | |

✓ **NOTE TO CLERK:** If this column is checked this is an added offense or reduced charge.

‡ **NOTE:** *Enter punishment class if different from underlying offense class (punishment class represents a status or enhancement).*

13. Do you now personally plead ☒ guilty ☐ no contest to the charges I just described? (13) ____yes ✓
14. ☒ (a) Are you in fact guilty? (14a) ____yes ✓
   ☐ (b) *(no contest plea)* Do you understand that, upon your plea of no contest, you will be treated as being (14b) _____
      guilty whether or not you admit that you are in fact guilty?
   ☐ (c) (Alford *guilty plea*)
      (1) Do you now consider it to be in your best interest to plead guilty to the charges I just described? (14c1) _____
      (2) Do you understand that, upon your "*Alford* guilty plea," you will be treated as being guilty whether (14c2) _____
         or not you admit that you are in fact guilty?

☐ 15. *(Use if aggravating factors are listed below)* Have you admitted the existence of the aggravating factors shown (15) _____
   below, have you agreed that there is evidence to support these factors beyond a reasonable doubt, have
   you agreed that the Court may accept your admission to these factors, and do you ☐ understand that you
   are waiving any notice requirement that the State may have with regard to these aggravating factors
   ☐ agree that the State has provided you with appropriate notice about these aggravating factors? *(If so,
   review the aggravating factors with the defendant.)*

☐ 16. *(Use if sentencing points are listed below)* Have you admitted the existence of the sentencing points not related (16) _____
   to prior convictions shown below, have you agreed that there is evidence to support these points beyond a
   reasonable doubt, have you agreed that the Court may accept your admission to these points, and do you
   ☐ understand that you are waiving any notice requirement that the State may have with regard to these
   sentencing points ☐ agree that the State has provided you with appropriate notice about these
   sentencing points? *(If so, review the sentencing points with the defendant.)*

17. Do you understand that you also have the right during a sentencing hearing to prove to the Court the (17) ____yes ✓
   existence of any mitigating factors that may apply to your case?
18. Do you understand that the courts have approved the practice of plea arrangements and you can discuss (18) ____YES ✓
   your plea arrangement with me without fearing my disapproval?

| STATE VERSUS | ► | File No. | |
|---|---|---|---|
| | | 16CRS50980 | |

*Name Of Defendant*
SAJUAN LESLIE

19. Have you agreed to plead ☒ guilty ☐ no contest as part of a plea arrangement? *(If so, review the terms of the plea arrangement as listed in No. 20 below with the defendant.)* (19) YES

20. The prosecutor, your lawyer and you have informed the Court that these are all the terms and conditions of your plea:

**PLEA ARRANGEMENT**

UPON YOUR PLEA OF GUILTY TO ONE COUNT OF FELONY INCITING A RIOT THE STATE AGREES TO VOLUNTARILY DISMISS THE REMAINING CHARGES AGAINST YOU. DEFENDANT SHALL BE SENTENCED AT THE TOP OF THE PRESUMPTIVE RANGE FOR A 16-29 MONTH PERIOD AND THE STATE AGREES TO A SPLIT SENTENCE WITH CREDIT FOR THE TIME THAT THE DEFENDANT HAS ALREADY SERVED AWAITING DISPOSITION. THE DEFENDANT IS TO HAVE NO CONTACT WITH THE VICTIMS AND IS NOT TO BE IN THE PHILADELPHIA COMMUNITY OF RICHMOND COUNTY. A restitution hearing shall be held January 9, 2017.

☒ The State dismisses the charge(s) set out on Page Two, Side Two, of this transcript.

☐ The defendant stipulates to restitution to the party(ies) in the amounts set out on "Restitution Worksheet, Notice And Order (Initial Sentencing)" (AOC-CR-611).

21. Is the plea as set forth within this transcript and as I have just described it to you correct as being your full plea arrangement? (21) YES

22. Do you now personally accept this arrangement? (22) YES

23. *(Other than the plea arrangement between you and the prosecutor)* has anyone promised you anything or threatened you in any way to cause you to enter this plea against your wishes? (23) NO

24. Do you enter this plea of your own free will, fully understanding what you are doing? (24) YES

25. Do you agree that there are facts to support your plea ☐ and admission to aggravating factors (25) YES
☐ and sentencing points not related to prior convictions, and do you consent to the Court hearing a summary of the evidence?

26. Do you have any questions about what has just been said to you or about anything else connected to your case? (26) NO

**ACKNOWLEDGEMENT BY DEFENDANT**

I have read or have heard all of these questions and understand them. The answers shown are the ones I gave in open court and they are true and accurate. No one has told me to give false answers in order to have the Court accept my plea in this case. The terms and conditions of the plea as stated within this transcript, if any, are accurate.

**SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME**

| *Date* 11-9-2016 | *Signature* Beth Pettitt | *Date* 11/8/16 *Signature Of Defendant* Sajuan Leslie |
|---|---|---|
| ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | | *Name Of Defendant (Type Or Print)* SAJUAN LESLIE |

**CERTIFICATION BY LAWYER FOR DEFENDANT**

I hereby certify that the terms and conditions stated within this transcript, if any, upon which the defendant's plea was entered are correct and they are agreed to by the defendant and myself. I further certify that I have fully explained to the defendant the nature and elements of the charges to which the defendant is pleading, and the aggravating and mitigating factors and prior record points for sentencing, if any.

| *Date* 11/8/16 | *Name Of Lawyer For Defendant (Type Or Print)* VICKIE W. BRYANT | *Signature Of Lawyer For Defendant* VW Bryant |
|---|---|---|

**CERTIFICATION BY PROSECUTOR**

As prosecutor for this Prosecutorial District, I hereby certify that the conditions stated within this transcript, if any, are the terms and conditions agreed to by the defendant and his/her lawyer and myself for the entry of the plea by the defendant on the charges in this case.

| *Date* 11/9/16 | *Name Of Prosecutor (Type Or Print)* CHEVONNE WALLACE | *Signature Of Prosecutor* |
|---|---|---|

A TRUE COPY
CLERK SUPERIOR COURT
RICHMOND COUNTY
BY _____
Assistant Deputy Clerk Superior Court

AOC-CR-300, Page Two, Rev. 3/15
© 2015 Administrative Office of the Courts

| | | PLEA ADJUDICATION | | |

Upon consideration of the record proper, evidence or factual presentation offered, answers of the defendant, statements of the lawyer for the defendant, and statements of the prosecutor, the undersigned finds that:

1. There is a factual basis for the entry of the plea *(and for the admission as to aggravating factors and/or sentencing points)*;
2. The defendant is satisfied with his/her lawyer's legal services;
3. The defendant is competent to stand trial;
4. ☐ The State has provided the defendant with appropriate notice as to the aggravating factors and/or points; ☐ The defendant has waived notice as to the aggravating factors and/or points; and
5. The plea *(and admission)* is the informed choice of the defendant and is made freely, voluntarily and understandingly.

The defendant's plea *(and admission)* is hereby accepted by the Court and is ordered recorded.

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| 1-9-16 | CLAIRE HILL | |

| | SUPERIOR COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT | |

| File No. | Count No.(s) | Offense(s) |
|---|---|---|
| 16CRS050980 | 1 | AWDWIKISI |
| 16CRS050980 | 1 | ATTEMPTED MURDER |
| 16CRS050981 | 1 | INJURY TO REAL PROPERTY |
| 16CRS050982 | 1 | DISCHARGE WEAPON OCCUPIED PROPERTY |
| 16CRS050982 | 1 | INJURY TO REAL PROPERTY |
| 16CRS050982 | 1 | INJURY TO PERSONAL PROPERTY |
| 16CRS050983 | 1 | DISCHARGE WEAPON OCCUPIED PROPERTY |
| 16CRS050983 | 1 | INJURY TO REAL PROPERTY |
| 16CRS050984 | 1 | DISCHARGE WEAPON OCCUPIED PROPERTY |
| 16CRS050984 | 1 | INJURY TO REAL PROPERTY |
| 16CRS050984 | 1 | INJURY TO PERSONAL PROPERTY |
| 16CRS050985 | 1 | INJURY TO PERSONAL PROPERTY |
| 16CRS050986 | 1 | INJURY TO PERSONAL PROPERTY |
| 16CRS050979 | 1 | COMMON LAW OBSTRUCTION OF JUSTICE |

| | DISTRICT COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT | |

| File No. | Count No.(s) | Offense(s) |
|---|---|---|
| | | |

| | CERTIFICATION BY PROSECUTOR | |

The undersigned prosecutor enters a dismissal to the above charges pursuant to a plea arrangement shown on this Transcript Of Plea.

| Date | Name Of Prosecutor (Type Or Print) | Signature Of Prosecutor |
|---|---|---|
| 11 9 16 | CHEVONNE WALLACE | |

AOC-CR-300, Page Two, Side Two, Rev. 3/15
© 2015 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

RICHMOND County

No. 16CRS50980

In The General Court Of Justice
☐ District  ☒ Superior Court Division

## STATE VERSUS

**Name And Address Of Defendant**
SAJUAN DEANGELO LESLIE

## INFORMATION

| Race | Sex | Date Of Birth |
|------|-----|---------------|
| B | M | 01/11/1989 |

G.S. 15A-644

| Offense(s) | Date Of Offense OR Date Range Of Offense | G.S. No. | CL. |
|------------|------------------------------------------|----------|-----|
| I. | | | |
| II. | | | |
| III. INCITING TO RIOT | 03/19/2016 | 14-288.2(c) | F |

I. I, the undersigned prosecutor, upon information and belief allege that on or about the date(s) of offense shown above and in the county indicated above, the defendant named above unlawfully, willfully and feloniously did

II. I, the undersigned prosecutor, upon information and belief allege that on or about the date(s) of offense shown above and in the county indicated above, the defendant named above unlawfully, willfully and feloniously did

A TRUE COPY
CLERK OF SUPERIOR COURT
RICHMOND COUNTY
BY _____
Assistant Deputy Clerk Superior Court

AOC-CR-123, Rev. 1/13
© 2013 Administrative Office of the Courts

(Over)

III. I, the undersigned prosecutor, upon information and belief allege that on or about the date(s) of offense shown above and in the county indicated above, the defendant named above unlawfully, willfully and feloniously did

incite or urge another to engage in a riot, and such inciting or urging is a contributing cause of a riot in which there is property damage in excess of fifteen hundred dollars ($1500.00) or serious bodily injury.

Signature Of Prosecutor

**WAIVER**

I, the undersigned defendant, waive the finding and return of a Bill of Indictment into Court and agree that the case may be tried upon the above information.

| Date: | Signature Of Defendant | Signature Of Attorney For Defendant |
|---|---|---|
| 11/9/16 | | Bryant |

AOC-CR-123, Side Two, Rev. 1/13
© 2013 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Richmond _____ County

**File No.** 16 CRS 50980

In The General Court Of Justice
Superior Court Division

## STATE VERSUS

**Name Of Defendant**
SAJUAN DEANGELO LESLIE

## INDICTMENT

☐ This is a superseding indictment.

| Offense(s) | Date Of Offense OR Date Range Of Offense | G.S. No. | CL. |
|---|---|---|---|
| I.  AWDWIKISI | 03/19/2016 | 14-32(a) | |
| II.  ATTEMPTED MURDER | 03/19/2016 | 14-17 | |

I.  The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did

aid and abet Daniel Maurice Wall and Kevin Robert Williams in unlawfully, willfully, and feloniously assaulting Brandon Montez Ratliff with a firearm, a deadly weapon, with the intent to kill and inflicting serious injury.

A TRUE COPY
CLERK OF SUPERIOR COURT
RICHMOND COUNTY

BY _____
Assistant Deputy, Clerk Superior Court

II.  And the jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did

aid and abet Daniel Maurice Wall and Kevin Robert Williams in unlawfully, willfully, and feloniously of malice aforethought attempt to kill and murder Brandon Montez Ratliff.

**Signature Of Prosecutor**

## WITNESSES

| | | | |
|---|---|---|---|
| ☐ | Wall, D-RCSO | ☐ | Carter, G-RCSO |
| ☑ | Watson, M-RCSO | ☐ | Childers, T-RCSO |
| ☐ | Smith, DA-RCSO | ☐ | Mabe, K-RCSO |
| ☐ | Gerald, J-RCSO | ☐ | |

The Witnesses marked "X" were sworn by the undersigned Foreperson of the Grand Jury and, after hearing testimony, this Bill was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreperson of the Grand Jury, attest the concurrence of twelve or more grand jurors in this Bill of Indictment.

☐ NOT A TRUE BILL.

**Date**
June 27, 2016

**Signature Of Grand Jury Foreperson**
Mindy Sue Peek

AOC-CR-122, Rev. 3/10
© 2010 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

RICHMOND County  ROCKINGHAM Seat of Court

**File No.** 16CRS050980  53

**NOTE:** *[This form is to be used for (1) felony offense(s) and (2) misdemeanor offense(s) that are consolidated for judgment with any felony offense(s). Use AOC-CR-310 for DWI offense(s).]*

**In The General Court Of Justice**
☐ District  ☒ Superior Court Division

## STATE VERSUS

*Name Of Defendant*
LESLIE,SAJUAN,DEANGELO.

| Race | Sex | Date Of Birth |
|------|-----|---------------|
| B | M | 01/11/1989 |

### JUDGMENT SUSPENDING SENTENCE - FELONY

**PUNISHMENT:** ☐ COMMUNITY  ☒ INTERMEDIATE
(STRUCTURED SENTENCING)
(For Offenses Committed On Or After Dec. 1, 2011)
G.S. 15A-1341, -1342, - 1343, -1343.2, -1346

| Attorney For State | | | Attorney For Defendant | | Crt Rptr Initials |
|---|---|---|---|---|---|
| CHEVONNE R WALLACE | ☐ Def. Found Not Indigent | ☐ Def. Waived Attorney | VICKIE W BRYANT | ☒ Appointed ☐ Retained | DTC |

The defendant ☒ pled guilty ( ☐ pursuant to *Alford*) to ☐ was found guilty by the Court of ☐ was found guilty by a jury of ☐ pled no contest to

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. | *Pun. CL. |
|---|---|---|---|---|---|---|---|
| 16CRS050980 | 53 | FELONY INCITING TO RIOT | 03/19/2016 | 14-288.2 | F | F | |

***NOTE:** Enter punishment class if different from underlying offense class (punishment class represents a status or enhancement).*

The Court ☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __01__.
Any prior record level point under G.S. 15A-1340.14(b)(7) is based on the jury's determination of this issue beyond a reasonable doubt or the defendant's admission to this issue.
☐ 2. makes no prior record level finding because none is required.

**PRIOR RECORD LEVEL:** ☒ I  ☐ III  ☐ V  ☐ II  ☐ IV  ☐ VI

The Court (NOTE: Block 1 or 2 MUST be checked.):

☒ 1. makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
☐ 2. makes the Determination of aggravating and mitigating factors on the attached AOC-CR-605.
☐ 3. makes the Findings of Extraordinary Mitigation set forth on the attached AOC-CR-606.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be (check only one) ☐ a habitual felon to be sentenced four classes higher than the principal felony (no higher than Class C) ☐ a habitual breaking and entering status offender, to be sentenced as a Class E felon.
☐ 6. finds enhancement pursuant to: ☐ G.S. 90-95(e)(3) (drugs). ☐ G.S. 14-3(c) (hate crime). ☐ G.S. 50B-4.1 (domestic violence). ☐ G.S. 14-50.22 (gang). ☐ Other: _____. This finding is based on the jury's determination of this issue beyond a reasonable doubt or the defendant's admission.
☐ 7. finds the above-designated offense(s) is a reportable conviction under G.S. 14-208.6 and therefore imposes the special conditions of probation set forth on the attached AOC-603C, Page Two, Side Two, and makes the additional findings and orders on the attached AOC-CR-615, Side Two.
☐ 8. finds the above-captioned offense(s) involve the (check all that apply) ☐ physical or mental ☐ sexual abuse of a minor.
☐ (If No. 7 not found) and therefore imposes the special conditions of probation set forth on the attached AOC-603C, Page Two, Side Two.
☐ 9. finds that a ☐ motor vehicle ☐ commercial motor vehicle was used in the commission of the offense and that it shall be reported to DMV.
☐ 10. finds this is an offense involving assault, communicating a threat, or an act defined in G.S. 50B-1(a), and the defendant had a personal relationship as defined by G.S. 50B-1(b) with the victim.
☐ 11. finds the above-designated offense(s) involved criminal street gang activity. G.S. 14-50.25.
☐ 12. did not grant a conditional discharge under G.S. 90-96(a) because (check all that apply) ☐ the defendant refused to consent.
☐ (offenses committed on or after Dec. 1, 2013, only) the Court finds, with the agreement of the District Attorney, that the offender is inappropriate for a conditional discharge for factors related to the offense.
☐ 13. finds that the defendant used or displayed a firearm while committing the felony. G.S. 15A-1382.2.
☐ 14. (for judgments entered on or after Dec. 1, 2013, only) finds that this was an offense involving child abuse or an offense involving assault or any of the acts as defined in G.S. 50B-1(a) committed against a minor. G.S. 15A-1382.1(a1).

The Court, having considered evidence, arguments of counsel and statement of defendant, Orders that the above offenses, if more than one, be consolidated for judgment and the defendant be imprisoned
for a minimum term of __16__ months for a maximum term of __29__ months in the custody of the N.C. DAC.
☐ This sentence shall run at the expiration of sentence imposed in file number _____
The defendant shall be given credit for __186__ days spent in confinement prior to the date of this Judgment as a result of this charge(s) to be applied toward the ☒ sentence imposed above. ☒ imprisonment required for special probation set forth on AOC-CR-603C, Page Two.

## SUSPENSION OF SENTENCE

Subject to the conditions set out below, the execution of this sentence is suspended and the defendant is placed on ☒ supervised ☐ unsupervised probation for __30__ months.
☐ 1. The Court finds that a ☐ longer ☐ shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
☐ 2. The Court finds that it is NOT appropriate to delegate to the Section of Community Corrections the authority to impose any of the requirements in G.S. 15A-1343.2(e) for community punishment or G.S. 15A-1343.2(f) for intermediate punishment.
☐ 3. This period of probation shall begin ☐ when the defendant is released from incarceration ☐ at the expiration of the sentence in the case below.

| File No. | Offense | County | Court | Date |
|---|---|---|---|---|
| | | | | |

☐ 4. The defendant shall comply with the conditions set forth in file number _____
☒ 5. The defendant shall provide a DNA sample pursuant to G.S. 15A-266.4. (AOC-CR-319 required)

## MONETARY CONDITIONS

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee, pursuant to a schedule ☒ determined by the probation officer. ☐ set out by the court as follows:
PAY NO SUPERVISION FEE. REMIT JAIL FEES. ATTY FEES IN THE AMT OF $4,700.00 TO BE DOCKETED AS A CIVIL JUDGMENT.

| Costs | Fine | Restitution* | Attorney's Fees | Comm Serv Fee | EHA Fee | SBM Fee | Appt Fee/Misc | Total Amount Due |
|---|---|---|---|---|---|---|---|---|
| $ 372.50 | $ | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 372.50 |

*See attached "Restitution Worksheet, Notice And Order (Initial Sentencing)" AOC-CR-611, which is incorporated by reference.
☐ The Court finds just cause to waive costs, as ordered on the attached ☐ AOC-CR-618. ☐ Other: _____
☐ Upon payment of the "Total Amount Due," the probation officer may transfer the defendant to unsupervised probation.

*Material opposite unmarked squares is to be disregarded as surplusage.*

AOC-CR-603C, Rev. 3/16, © 2016 Administrative Office of the Courts  (Over)

A TRUE COPY
BY
CLERK OF SUPERIOR COURT, RICHMOND COUNTY

## REGULAR CONDITIONS OF PROBATION - G.S. 15A-1343(b)

NOTE: *Any probationary judgment may be extended pursuant to G.S. 15A-1342.* The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device, or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court. **If the defendant is on supervised probation, the defendant shall also:** (5) Not abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer. (6) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (7) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (8) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (9) Submit at reasonable times to warrantless searches by a probation officer of the defendant's person and of the defendant's vehicle and premises while the defendant is present, for purposes directly related to the probation supervision, but the defendant may not be required to submit to any other search that would otherwise be unlawful. (10) Submit to warrantless searches by a law enforcement officer of the defendant's person and of the defendant's vehicle, upon a reasonable suspicion that the defendant is engaged in criminal activity or is in possession of a firearm, explosive device, or other deadly weapon listed in G.S. 14-269 without written permission of the court. (11) Not use, possess, or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors, or sellers of any such illegal drugs or controlled substances; and not knowingly be present at or frequent any place where such illegal drugs or controlled substances are sold, kept, or used. (12) Supply a breath, urine, or blood specimen for analysis of the possible presence of prohibited drugs or alcohol when instructed by the defendant's probation officer for purposes directly related to the probation supervision. If the results of the analysis are positive, the probationer may be required to reimburse the Division of Adult Correction for the actual costs of drug or alcohol screening and testing.

☐ 13. The Court finds that the defendant is responsible for acts of domestic violence and therefore makes the additional findings and orders on the attached AOC-CR-603C, Page Two, Side Two.

## SPECIAL CONDITIONS OF PROBATION - G.S. 15A-1343(b1)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

☐ 14. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal/notification to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until relicensed by the Division of Motor Vehicles, whichever is later.

☐ 15. Successfully pass the General Education Development Test (G.E.D.) during the first _____ months of the period of probation.

☐ 16. Complete _____ hours of community service during the first _____ days of the period of probation, as directed by the judicial services coordinator. The fee prescribed by G.S. 143B-708 is
    ☐ not due because it is assessed in a case adjudicated during the same term of court.
    ☐ to be paid  ☐ pursuant to the schedule set out under Monetary Conditions on the reverse.  ☐ within _____ days of this Judgment and before beginning service.

☒ 17. Report for initial evaluation by TASC _____
participate in all further evaluation, counseling, treatment, or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged.

☐ 18. Not assault, threaten, harass, be found in or on the premises or workplace of, or have any contact with _____
"Contact" includes any defendant-initiated contact, direct or indirect, by any means, including, but not limited to, telephone, personal contact, e-mail, pager, gift-giving, telefacsimile machine or through any other person, except _____

☐ 19. *(for offenses committed on or after December 1, 2012)* Abstain from alcohol consumption and submit to continuous alcohol monitoring for a period of _____ ☐ days, ☐ months, the Court having found that a substance abuse assessment has identified defendant's alcohol dependency or chronic abuse.

☒ 20. Other:
HAVE NO CONTACT WITH VICTIMS. NOT BE ON THE PREMISES OF THE PHILADELPHIA COMMUNITY IN RICHMOND COUNTY. RESTIUTION HEARING IS TO BE HELD 1/9/2017. REMIT JAIL FEES. ATTY FEE IN THE AMOUNT OF $4,700.00 TO BE DOCKETED AS A CIVIL JUDGMENT.

☐ 21. Comply with the Special Conditions Of Probation which are set forth on AOC-CR-603C, Page Two.

## ORDER OF COMMITMENT/APPEAL ENTRIES

☐ 1. It is ORDERED that the Clerk deliver **two** certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.

☐ 2. The defendant gives notice of appeal from the judgment of the trial court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

### SIGNATURE OF JUDGE

| Date | Name Of Presiding Judge (type or print) | Signature Of Presiding Judge |
|---|---|---|
| 11/09/2016 | THE HONORABLE CLAIRE V HILL | *Claire V Hill* |

### CERTIFICATION

I certify that this Judgment and the attachment(s) marked below is a true and complete copy of the original which is on file in this case.

☐ 1. Appellate Entries (AOC-CR-350)
☐ 2. Judgment Suspending Sentence (AOC-CR-603C, Page Two) (additional conditions of probation)
☐ 3. Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605)
☐ 4. Extraordinary Mitigation Findings (AOC-CR-606)
☐ 5. Restitution Worksheet, Notice And Order (Initial Sentencing) (AOC-CR-611)
☐ 6. Judicial Findings As To Required DNA Sample (AOC-CR-319)
☐ 7. Judicial Findings And Order For Sex Offenders - Suspended Sentence (AOC-CR-615, Side Two)
☐ 8. Convicted Sex Offender Permanent No Contact Order (AOC-CR-620)
☐ 9. Additional File No.(s) And Offense(s) (AOC-CR-626)
☐ 10. Other: _____

| Date | Date Certified Copies Delivered To Sheriff | Signature Of Clerk | |
|---|---|---|---|
| | | | ☐ Deputy CSC   ☐ Asst. CSC<br>☐ Clerk Of Superior Court    SEAL |

Material opposite unmarked squares is to be disregarded as surplusage.

AOC-CR-603C, Side Two, Rev. 3/16, © 2016 Administrative Office of the Courts